FILED
United States Court of Appeals
Tenth Circuit

May 30, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JOSHUA DEAN CUNNINGHAM,

      Defendant - Appellant.

No. 17-1404
(D.C. No. 1:16-CR-00094-RM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **EID**, Circuit Judges.
_____

Joshua Dean Cunningham pleaded guilty to possession with intent to distribute

50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(A)(viii), and possession of a short-barreled shotgun in furtherance of a drug

trafficking crime in violation of 18 U.S.C. § 924(c)(1)(B)(i).  Notwithstanding the

appeal waiver in his plea agreement, he appealed.  The United States has moved to

enforce the waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir.

2004) (en banc) (per curiam).

_____

[*]This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In the plea agreement, the government agreed to recommend a sentence between 20 years'—the statutory minimum—and 30 years' imprisonment. Mr. Cunningham reserved the right to request a downward variance from the advisory guideline range to a sentence of not less than 20 years, and the government reserved the right to ask for a sentence of up to 30 years. Mr. Cunningham waived the right to appeal any matter in connection with his prosecution, conviction, or sentence, unless (a) his sentence exceeded the maximum statutory penalty, (b) his sentence exceeded "the advisory guideline range that applies to a total offense level of 34 for [the methamphetamine count] plus a consecutive 120-month sentence applicable to [the firearm count]," or (c) the government appealed the sentence. R., Vol. I at 700 (plea agreement).

The agreement included an estimate of Mr. Cunningham's advisory guideline range. The parties assumed that he was a career offender based on his two prior felony convictions for controlled substance offenses. Under the parties' calculation, he was thus subject to a total advisory guideline range of 151 to 327 months on the methamphetamine count, depending on his criminal history category.[1] When added to his mandatory, consecutive sentence of 120 months for the firearm count, he would conceivably face a guideline range of 271 to 447 months' total imprisonment.

_____

[1] Given his career offender status, his base offense level for the methamphetamine count would be 37, reduced by three levels for timely acceptance of responsibility to 34. Although the parties believed his criminal history category would be VI, they did not definitively rely on that fact, and indicated it could be anywhere from I to VI.

The probation department prepared a presentence investigation report (PSR) that essentially tracked the parties' guideline calculations and used a criminal history category of VI. Approximately ten days before sentencing, however, it filed an addendum to the PSR, stating it had become aware of a recent opinion from this court, *United States v. Madkins*, 866 F.3d 1136 (10th Cir. 2017), that "may have implications to this case." R., Vol. II at 165. In *Madkins*, this court determined that the defendant's prior Kansas state offenses for possession with intent to sell cocaine and marijuana did not qualify as controlled substance offenses within the meaning of the guidelines, and therefore could not be used as predicate offenses to support a career-offender enhancement. *Madkins*, 866 F.3d at 1144, 1148.

At sentencing, the district court extended *Madkins* to Mr. Cunningham's prior Colorado felony drug convictions, and concluded that he was not a career offender. It therefore adopted a much lower figure for his guideline range than the parties had anticipated. The district court recalculated his guideline range on the methamphetamine offense at 121 to 151 months. The guideline range for the firearm change remained the same. This resulted in a total advisory guideline range of 241 to 271 months.

The district court asked the parties what sentence they would request. Mr. Cunningham's counsel asked for a continuance so that the parties could confer about the effect of the modified guideline computation. He expressed doubt that the government could file, in good faith, a motion for an upward variance from the top of the new guideline range. The district court denied the continuance, reasoning that the

3

probation department had alerted the parties to *Madkins* and that the government had reserved its right to seek a sentence up to 30 years' imprisonment and had not foresworn an upward variance to achieve that result.

Mr. Cunningham's counsel then argued for a downward variance to reach the minimum statutory sentence of 20 years. The government requested an upward variance, to 30 years. The district court, after stating it had considered the sentencing factors specified in 18 U.S.C. § 3553(a), varied upward by 15 percent and sentenced Mr. Cunningham to a term of 151 months on the methamphetamine count and a consecutive 161 months on the firearm count, resulting in a total sentence of 312 months.

## DISCUSSION

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325. The government argues all of these criteria are met: (1) Mr. Cunningham's sentence neither exceeded the statutory maximum nor the guideline range specified in the plea agreement, and the government did not appeal; (2) the record affirmatively shows a knowing and voluntary waiver; and (3) there is no evidence of a miscarriage of justice.

In his response, Mr. Cunningham presents an argument based on the second and third *Hahn* factors. He contends that his waiver of the right to appeal his sentence was neither knowing nor voluntary because it was based on the parties'

4

mutual mistake that he qualified as a career offender. He also argues that by denying him a continuance at sentencing, the district court committed a miscarriage of justice.

***Knowing and Voluntary Waiver.*** Mr. Cunningham emphasizes that he does not seek to void his entire plea agreement based on a mutual mistake—only the appeal waiver, so that he may appeal the district court's upward variance. *See* Aplt. Resp. at 29. This being the case, we will consider only whether the appeal waiver itself was knowing and voluntary in light of the alleged mutual mistake. *See United States v. Rollings*, 751 F.3d 1183, 1190 n.5 (10th Cir. 2014).

Mr. Cunningham cites the three-part test we identified in *United States v. Frownfelter*, 626 F.3d 549 (10th Cir. 2010), for rescission of a plea agreement on the basis of mutual mistake. Under this test:

> First, the mistake must relate to a basic assumption on which the contract was made. Second, the party seeking avoidance must show that the mistake has a material effect on the agreed exchange of performances. Third, the mistake must not be one as to which the party seeking relief bears the risk.

*Id.* at 555 (internal quotation marks omitted).

Assuming the *Frownfelter* test applies here, the alleged mistake fails its first element. Although the parties set a benchmark for an appeal based on a sentence that exceeded "the advisory guideline range that applies to a total offense level of 34 for [the methamphetamine count] plus a consecutive 120-month sentence applicable to [the firearm count]," R., Vol. I at 700, they did not make a basic assumption that the district court would only sentence Mr. Cunningham in accordance with their estimated offense level, or that it would not vary upwardly from the advisory

5

guideline range. To the contrary, they specifically acknowledged that "the Court must make its own determination of the guideline range," that it was not "bound by the position of any party," and that it could "impose [a] reasonable sentence which . . . may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range." *Id.* at 709. The district court's use of a different methodology than the parties anticipated to arrive at its guideline determination did not violate a basic assumption on which the appeal waiver was made.

The alleged mistake also fails the second element of the test. To prevail on that element, Mr. Cunningham "must show that the resulting imbalance in the agreed exchange is so severe that he [cannot] fairly be required to carry it out." *Frownfelter*, 626 F.3d at 556 (internal quotation marks omitted). Mr. Cunningham might wish to see the exception based on an offense level of 34 ratcheted downward to apply to an offense level of 29. But given the parties' acknowledgement of the district court's sentencing discretion, such a modification is not required to fairly hold him to the terms of his agreement. The district court's sentence did not trigger any of the exceptions the parties specifically agreed to in connection with the appeal waiver, and the appeal waiver is not voidable in the interest of fairness.

***Miscarriage of Justice.*** Mr. Cunningham's miscarriage of justice argument also lacks merit. In *Hahn*, we identified four circumstances that fall under the general rubric of miscarriage of justice. *See Hahn*, 359 F.3d at 1327. The only such factor that arguably applies here is "where the waiver is otherwise unlawful." *Id.*

6

But this factor "looks to whether the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error." *United States v. Polly*, 630 F.3d 991, 1001-02 (10th Cir. 2011) (internal quotation marks and citation omitted). To the extent Mr. Cunningham argues that the district court committed a miscarriage of justice by failing to grant a continuance to address its revised guideline calculation, these circumstances do not fall within this *Hahn* factor.

## CONCLUSION

The motion to enforce is granted, and this matter is dismissed.

Entered for the Court
Per Curiam